GADDIS v. THE STATE.

Where the representation by which the accused cheated and swindled consisted of two parts, one of which related to his ownership of a large amount of personal property and the other to a contract for executing certain work from which he said he would

derive a monthly income, newly discovered evidence tending to show that his representation may have been misunderstood as to the latter is no cause for a new trial, the evidence in the case showing that his representation as to the ownership of the property was false, and the newly discovered evidence being wholly silent touching that part of the representation. Moreover where in the nature of things the facts alleged to have been newly discovered must have been known to the accused before the trial, it should affirmatively appear that no witness by whom they could be proved was known to him until after verdict. That he was ignorant, at the time of the trial, of the presence of the witness when the transaction occurred is not stated in his affidavit touching diligence. There was no error in denying a new trial.

February 13, 1893.                                         *Judgment affirmed.*

Before Judge WESTMORELAND.     Criminal court of Atlanta.     December term, 1892.

The accusation charged that on July 1, 1892, by false representation of his own respectability, wealth and mercantile correspondence and connections, Gaddis obtained a credit of Maxwell by falsely representing to Maxwell that he had a contract with the City of Atlanta to grade and dig out the water-works reservoir, that he had about forty head of stock, wagons and scrapes, that he drew his money promptly on the 20th of each month from the city, and would come to Maxwell's place of business every month on the 20th day of each month and pay Maxwell, if Maxwell would do his blacksmith work, wood work, painting and shoeing for him; that relying on these statements of Gaddis, Maxwell went ahead and did a certain amount of work for Gaddis and Gaddis failed to pay him anything; the representations made being false and fraudulent and Gaddis knowing when they were made that they were so, and making them with intent to defraud Maxwell. Gaddis was found guilty, and his motion for new trial was overruled. The motion contains, beside the allegations that the verdict was contrary to law and evidence, a ground of newly discovered testimony. In support of this ground was produced the affidavit of one Moton, to the

effect that he was present some time in the summer of 1892 at Maxwell's shop, and heard a conversation between Maxwell and Gaddis, at the time Gaddis was making arrangements to have Maxwell do his work, and that he heard Gaddis tell Maxwell he had a contract on water-works and showed to Maxwell a paper which he said was his contract out at water-works; also, the affidavits of Gaddis and his counsel, that the facts stated in Moton's affidavit were unknown to them at the time of the trial, and that they used due diligence to discover evidence and prepare for trial.

Upon the trial Maxwell testified to facts substantially as set out in the accusation, and further: When defendant failed to come up and pay as he said he would on the 20th of the next month, July, 1892, Maxwell went out to the water-works reservoir to look for him, and could not find him. He then made diligent search to find out whether defendant had any stock, wagons and scrapes, and could not find any belonging to him, nor hear of his owning any. He found when he went out to the reservoir that other people were working on the reservoir and not defendant; found other parties at work on the water-works and not defendant. He then had a warrant issued for defendant, who was not arrested until some time afterwards, because he had left the county. Witness was asked if he believed, at the time defendant made that statement to him, that such a shabby fellow as defendant looked, could possibly have such a large contract and having to give such a large bond; and answered that he certainly did think so, that he had done a small job for defendant before he made the statement about the water-works, and defendant had paid him in full for it. Defendant did not have the stock, wagons and scrapes he said he had, nor did he have a contract with the city, so far as witness knows, to grade out the water-works reservoir; and he did not

do any work on the reservoir. Witness has been defrauded by these representations to the amount of $30.90. The minutes of the city council of Atlanta were introduced, together with the testimony of the mayor of the city, showing that the contract for grading and digging out the water-works reservoir was let to Mosely & Company, and that defendant was not one of the contractors, and the city gave him no contract for this purpose or any other. The tax books for the State and county and the city showed that defendant did not give in or pay any tax for the two years preceding the trial; and defendant's counsel admitted that he had not given in or paid any tax for three years, either to the city, county or State.

Defendant introduced a writing signed by him, addressed to Powers & Lyll, to the following effect: "I hereby agree to furnish and deliver to you, at Atlanta water-works pumping station number 2 on the reservior, four hundred cubic yards of broken rock at fifty cents per cubic yard, and in payment for said rocks twenty per cent. to be retained by you until the whole amount of rock is delivered, and said twenty per cent. to be forfeited if all the rock is not delivered by May 30, 1892, and all the sand we may need at fifty cents per cubic yard." This instrument was "attested" by Powers & Lyll and dated Atlanta, Ga., April 30, 1892, beneath which attestation and date appeared the name of J. R. Kriegshaber. The defendant stated that he did not make statements or representations as testified to by Maxwell, that he did state to Maxwell that he had a contract to furnish rock at pumping station, and showed him the paper just referred to, and that the debt of Maxwell was just and defendant wanted to pay.

GEORGE P. ROBERTS and FRANK L. HARALSON, for plaintiff in error.

LEWIS W. THOMAS, solicitor, contra.